# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:19-CR-96-TMR |
| | ) | |
| PLAINTIFF, | ) | JUDGE ROSE |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| STEVE R. RAUCH, ET AL. | ) | DEFENDANT STEVE R. RAUCH'S |
| | ) | MOTION FOR A BILL OF |
| DEFENDANTS. | ) | PARTICULARS |

## I. INTRODUCTION

On May 28, 2019, the government filed an Indictment (ECF #7) alleging seven criminal counts against Defendants Steve R. Rauch, Joyce S. Cameron, and James Cameron. Material portions of the Indictment are vague and indefinite. As a result, the Indictment provides insufficient notice for Mr. Rauch to understand the full nature of the charges, to prepare a proper defense, to prevent unfair surprise at trial, and to protect himself from subsequent prosecutions for the same offenses. A bill of particulars is warranted and necessary.

## II. LEGAL STANDARD

Rule of Criminal Procedure 7(c) provides that "the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Two criteria measure the sufficiency of an indictment: (1) whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and (2) if other proceedings are taken against the defendant for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. *Russell v. United States*, 369 U.S. 749, 763-64 (1962) (citations omitted). If the indictment does not satisfy these two basic elements, then the court may, upon the

defendant's motion or otherwise, order the government to file a bill of particulars. *See* Fed. R. Crim. P. 7(f).

Ultimately, the decision to order a bill of particulars is within the sound discretion of the trial court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993) (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986)). However, in exercising this discretion, courts should be guided by the *intent* of Rule 7(f), which is "to encourage a more liberal attitude by the courts towards bills of particulars." *See* Notes of Advisory Committee to Fed. R. Crim. P. 7(f) (as amended July 1, 1966); *see also United States v. Hedman*, 458 F.Supp. 1384, 1385 (N.D. Ill. 1978). Indeed, any doubts about whether to grant a motion for a bill of particulars should be resolved in favor of a defendant "[s]ince [a] defendant is presumed innocent . . . [and] it cannot be assumed that he knows the particulars sought." *United States v. Tucker*, 262 F.Supp. 305, 307 (S.D.N.Y. 1966). Furthermore, a bill of particulars should be ordered when providing the requested information is neither burdensome to the government, nor prejudicial to its case, and will help the defendant more efficiently and effectively defend against the government's charges. *United States v. Poulsen*, No. CR2-06-129, 2008 WL 271659, at *3 (S.D. Ohio Jan. 30, 2008).

### III.  ARGUMENT

"The purpose of a bill of particulars is to remedy vague or indefinite language in the indictment in order 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Mayhew*, 337 F. Supp. 2d 1048, 1061 (S.D. Ohio 2004) (quoting *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)). When deciding whether a bill of particulars is warranted, courts often consider factors such as the complexity of the charges and the clarity of the indictment. *United States v. Sorich*, 427 F. Supp. 2d 820, 838 (N.D. Ill. 2006), *aff'd,* 523 F.3d 702 (7th Cir.

2008) (citing *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001)). The charges involved in this case are complex, and implicate numerous parties and various allegedly unlawful acts occurring over, at minimum, a two-year period. Nonetheless, the Indictment fails to properly clarify many of these items. Specifically, the Indictment is vague and indefinite because it fails to identify:

1. The earliest date of the alleged conspiracy and the earliest date that the Government alleges that Mr. Rauch joined it. (Indictment ¶¶ 9, 12.)

2. The "others known" to the grand jury who were members of the defendants' alleged conspiracy. (Indictment ¶¶ 9, 10, 10.e., 12, 14.)

3. The "subordinate" allegedly "working at [Steve R. Rauch's] direction" who "encouraged defendant JAMES CAMERON to visit and remain present at the work location." (Indictment ¶ 10.c.)

4. The "Government Entities" that were allegedly defrauded by defendants. (Indictment ¶¶ 9, 10.a., 10.b., 10.c., 10.d., 10.e., 10.f., 12.)

5. The "particular contract" or contracts that was/were the subject of defendants' alleged scheme. (Indictment ¶ 10.a.)

6. The "fraudulent investment scheme" underlying the mail fraud allegations in counts two through seven. (Indictment ¶ 12.)

The vague and indefinite aspects of the Indictment prevent Mr. Rauch from adequately preparing his defense, subject Mr. Rauch to prejudicial surprise at trial, and prevent Mr. Rauch from protecting himself against subsequent prosecution(s) for the same offenses. Furthermore, providing the requested information is neither burdensome to the government, nor prejudicial to its case, and will help Mr. Rauch more efficiently and effectively defend against the government's charges. A bill of particulars is warranted and necessary.

    a. **The Indictment Fails To Allege The Earliest Date Of The Conspiracy And The Earliest Date That Mr. Rauch Joined It**

The Indictment alleges that the conspiracy began on an unknown date "at least by in or around 2012." (Indictment ¶¶ 9, 12.) This allegation is hopelessly vague.

Admittedly, the government has some leniency when alleging the beginning date of an alleged conspiracy. *See United States v. Vassar*, 346 F. Appx. 17, 22 (6th Cir. 2009). But the indictment must provide at least <u>some</u> guidance as to how far back the alleged conspiracy might extend. *See United States v. Payne*, No. 1:09-00009, 2010 WL 3081952, at *2–3 (M.D. Tenn. Aug. 6, 2010) (requiring bill of particulars for indictment alleging a conspiracy beginning "not later than in or about 2006, the exact date being unknown to the Grand Jury"). The indictment here fails to do that. The phrase "at least by . . . 2012" allows the government to argue that any conduct occurring before 2012—without limitation—is fair game. *See, e.g., United States v. Ellis*, 938 F.3d 757, 765 (6th Cir. 2019) (noting that the government argued that the phrase "no later than in or about January 2012" included conduct dating back to 2008). The Sixth Circuit has expressly criticized such broad indictment language:

> Indictment language cannot be boundless. Permitting indictments without temporal boundaries would authorize a permanent escape hatch for government drafters who otherwise bear[ ] the burden of making the language of an indictment sufficient to cover all acts for which [they] will seek restitution. And it would prevent defendants from determining what facts may later prove relevant to their defense.

*Id.* (citations and quotations omitted) (Stranch, J., concurring).

The indictment must also identify when each individual defendant joined the alleged conspiracy. *United States v. Myers*, No. 3:06-CR-166, 2007 WL 1452129, at *7 (E.D. Tenn. May 15, 2007) ("To the extent that the defendant['s] . . . involvement in the conspiracy was a time period shorter than the entire conspiracy, the government shall be required to provide the dates that he entered the conspiracy and when his participation in the conspiracy ended."); *see also United States v. O'Neal*, No. 3:08-CR-107, 2008 WL 5435575, at *3 (E.D. Tenn. Dec. 30, 2008) (requiring the government to provide "the approximate dates that such defendant(s) entered the conspiracy and the approximate date on which the defendant(s) ceased participation in the

conspiracy").

Alleging that a conspiracy began "at least by in or around" 2012 does not put Mr. Rauch on notice as to the charges against him. The government must provide a bill of particulars stating, with some particularity, the beginning date of the conspiracy, the date when Mr. Rauch joined the conspiracy, and the date Mr. Rauch left the conspiracy.

> **b. The Indictment Fails To Adequately Identify The Individuals Who Participated In The Alleged Conspiracy, The "Subordinate" Allegedly Working On Behalf Of Mr. Rauch, The "Government Entities" That Were Allegedly Defrauded, And The "Particular Contract" That Was The Subject Of The Alleged Fraud**

Basic fairness dictates that the government disclose enough facts to allow defendants to understand the charges and prepare a defense. Indeed, the Supreme Court has recognized that "it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." *Will v. United States*, 389 U.S. 90, 99 (1967) (citing *United States v. White*, 370 F.2d 559 (7th Cir. 1966) and *United States v. Drebrow*, 346 U.S. 374, 378 (1953)); *see also United States v. Mayhew*, 337 F. Supp. 2d 1048, 1064 (S.D. Ohio 2004) (a bill of particulars was required "[b]ecause the provision of more specific information…[did] not require the government to disclose its theories and does not require a detailed disclosure of evidence"); *United States v. Bruno*, 2009 WL 2601249, *5 (N.D.N.Y. 2009) ("While the function [of a bill of particulars] is not to provide evidentiary detail or the theory of prosecution, particulars should be ordered if necessary to give the defendant enough information about the charge to prepare his defense even if it results in disclosure of evidentiary detail and theories."); *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998); *United States v. Kole*, 442 F.Supp. 852, 854 (S.D.N.Y. 1977).

In *Kole*, for example, the indictment alleged that the defendant embezzled money and used

the funds to "pay cash to politicians," but did not identify the relevant politicians. 442 F.Supp. at 853. The United States District Court for the Southern District of New York recognized that the indictment did not allege that the payments to the politicians were in themselves unlawful. *Id.* Nonetheless, the court required the government to file a bill of particulars identifying these politicians. *Id.* at 854. In reaching this decision, the court reasoned that "it is essential that defendants know what politicians, if any, the Government will claim at trial were paid cash . . . if such proof comes in as a surprise, it will be difficult to locate the alleged recipients in order that their side of the story may be told." *Id.*; *see also United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954) ("Without definite specification . . . of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the [indictment], and some danger of surprise.").[1]

Likewise, the Indictment in this case fails to identify the members of the alleged conspiracy (who are known to the government), the "subordinate" who allegedly worked at Mr. Rauch's direction and encouraged Mr. Cameron to visit and remain present at the work location, the government entities who were allegedly defrauded, and the contract(s) that form the basis for the charges. The government recognizes that Mr. Rauch's companies "obtained hundreds of thousands of dollars in contracts for demolition services with multiple government entities…" (Indictment ¶ 1), but fails to identify which government entities and which projects are at issue. Unless the government identifies which government entities were involved, which contracts were involved, who else participated in the alleged conspiracy, and which of Mr. Rauch's numerous subordinates allegedly directed Mr. Cameron to visit the work sites, Mr. Rauch is left guessing while preparing for a trial by ambush, and faces the real possibility that the same conduct could be

---

[1] This case was cited by the Advisory Committee in the 1966 Amendments as an example of the proper approach under Criminal Rule 7(f).

subsequently charged. *See United States v. Hart*, No. CR 08-109-C, 2009 WL 10678981, at *1 (W.D. Ky. June 19, 2009) ("A bill of particulars is appropriate if an indictment is so vague that the defendant cannot prepare his case, there is a danger of ambush at trial, or the defendant would be unable to use the outcome of his first trial to bar a subsequent prosecution on the same charge.")

As was the case in *Kole* and countless other similar cases, a bill of particulars identifying these key details is necessary to allow Mr. Rauch to prepare a defense.

### c. The Indictment Provides No Details About Any Alleged "Fraudulent Investment Scheme."

Paragraph 12 of the Indictment, which relates to counts two through seven charging violations of the mail fraud statute, asserts that the defendants engaged in a "fraudulent investment scheme." (Indictment ¶ 12.) In paragraph 13, the Indictment asserts that the "scheme was designed to operate and did operate as described above in paragraphs 10(a) through 10(f) of this Indictment." (Indictment ¶ 13.) But paragraphs 10.a through 10.f describe a fraudulent disadvantaged business scheme to obtain government contracts, not a fraudulent investment scheme. The Indictment alleges a fraudulent disadvantaged business scheme to obtain government contracts, and contains no other reference to or description of any fraudulent investment scheme. Unless the government provides further details regarding the alleged fraudulent investment scheme, Mr. Rauch will be unable to prepare an effective defense.

## IV. CONCLUSION

The Indictment does not adequately advise Mr. Rauch of the particulars necessary to prepare a proper defense, to prevent unfair surprise at trial, and to protect himself from subsequent prosecution for the same offenses. Furthermore, providing the requested information is neither burdensome to the government, nor prejudicial to its case. For the foregoing reasons, Defendant Steve R. Rauch's Motion for a Bill of Particulars should be granted.

Respectfully submitted,

*s/ Ralph W. Kohnen*
Ralph W. Kohnen (0034418)
Chad R. Ziepfel (0084274)
Sanna-Rae Taylor (0091302)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Ph: (513) 381-2838
Fx: (513) 381-0205
kohnen@taftlaw.com
cziepfel@taftlaw.com
srtaylor@taftlaw.com

*Attorneys for Defendant Steve R. Rauch*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019, the foregoing was filed using the Court's CM/ECF system, which will provide electronic service on all registered participants.

*s/ Ralph W. Kohnen*
Ralph W. Kohnen

26189543.1