UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:19CR96(1)TMR |
| | : | |
| **Plaintiff,** | : | **MOTION TO DISMISS INDICTMENT** |
| | : | **AS TO DEFENDANT STEVE R.** |
| **v.** | : | **RAUCH** |
| | : | |
| **STEVE R. RAUCH,** | : | |
| | : | |
| **Defendant.** | : | |

Pursuant to the provisions of Rule 48(a) of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby moves to dismiss the indictment against defendant Steve R. Rauch only. This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such

evidence or argument as may be presented at any hearing on this matter.

DATED: February 19, 2021          Respectfully submitted,

                                  DAVID M. DEVILLERS
                                  UNITED STATES ATTORNEY

                                  s/Brent G. Tabacchi
                                  BRENT G. TABACCHI (6276029 IL)
                                  Assistant United States Attorney
                                  Attorneys for Plaintiff
                                  602 Federal Building
                                  200 West Second Street
                                  Dayton, OH   45402
                                  Telephone: (937) 225-2910
                                  Fax: (937) 225-2564
                                  brent.tabacchi@usdoj.gov

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Federal Rule of Criminal Procedure 48(a) provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. Proc. 48(a). "Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative." <u>United States v. Gonzalez</u>, 58 F.3d 459, 462 (9th Cir. 1995). Phrased differently, "the decision to dismiss [charges] implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request." <u>Id.</u>; <u>see also United States v. Salinas</u>, 693 F.2d 348, 352 (5th Cir. 1982) ("The Executive [Branch] remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

Here, the United States exercises its discretion and, in the interests of justice, moves to dismiss the indictment as to defendant Steve R. Rauch only.  The United States therefore requests that the Court grant this motion.

DATED: February 19, 2021        Respectfully submitted,

                                DAVID M. DEVILLERS
                                UNITED STATES ATTORNEY

                                s/Brent G. Tabacchi
                                BRENT G. TABACCHI (6276029 IL)
                                Assistant United States Attorney
                                Attorneys for Plaintiff
                                602 Federal Building
                                200 West Second Street
                                Dayton, OH   45402
                                Telephone: (937) 225-2910
                                Fax: (937) 225-2564
                                brent.tabacchi@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the foregoing was served this 19th day of February 2021, on defendant's counsel via the Court's ECF system.

s/Brent G. Tabacchi
BRENT G. TABACCHI
Assistant United States Attorney